**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES HATCHER,** | : | **CIVIL ACTION NO. 1:04-CV-1872** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **CONIFER REALTY LLC,** | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 2nd day of May, 2005, upon consideration of defendant's motion to dismiss (Doc. 5), and it appearing that the allegations of the complaint arguably state claims of unlawful discrimination in employment under the Civil Rights Act, 42 U.S.C. § 1981, under Title VII, 42 U.S.C. § 2000e-2,[1] and under the Pennsylvania Human Relations Act, PA. STAT. ANN. tit. 43, § 955, see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (explaining notice pleading system of Federal Rule of Civil Procedure),[2] but that the allegations cannot support a claim

---

[1] Defendant complains that several counts of the complaint are "duplicative." (Doc. 17 at 5-6). While the court agrees that the factual allegations in these counts likely could not support an independent claim for relief, defendant has not demonstrated any prejudice arising from their inclusion in the complaint and they need not be stricken. See Benjamin v. Peter's Farm Condo. Owners Ass'n, 820 F.2d 640, 642 n.5 (3d Cir. 1987) (noting that allegations should be stricken when moving party would be prejudiced absent relief).

[2] The proposition, set forth in defendant's brief, that "plaintiffs are required to plead specifically civil rights violations" (Doc. 17 at 3) has been repeatedly and forcefully rejected by the Supreme Court and Court of Appeals for the Third Circuit. See, e.g., Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168-69 (1993); Alston v. Parker, 363 F.3d 229, 233-34 (3d Cir. 2004).

of wrongful discharge under Pennsylvania common law, see Clay v. Advanced Computer Applications, Inc., 559 A.2d 917, 919 (Pa. 1989) (stating that availability of remedy under Pennsylvania Human Relations Act precludes common law remedy for wrongful discharge); Wolk v. Saks Fifth Ave. Inc., 728 F.2d 221, 223-24 (3d Cir. 1984), it is hereby ORDERED that the motion to dismiss (Doc. 5) is GRANTED with respect to plaintiff's claim of wrongful discharge under Pennsylvania common law and is otherwise DENIED.  See also Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (stating that leave to amend need not be granted following dismissal if amendment would be futile).

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge